UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:22-mc-23

WILLIAM ZIEGLER and
VICKI ZIEGLER,

       Plaintiffs,

v

POLARIS INDUSTRIES, INC., A
Minnesota Corporation,

       Defendant.

## NON-PARTY ERIC KIPP'S MOTION TO QUASH DEFENDANT POLARIS INDUSTRIES, INC.'S SUBPOENA TO MISSION HEALTH [Fed.R.Civ.P. 45]

Non-party Eric Kipp ("Kipp"), by and through undersigned counsel, objects and hereby moves to quash a subpoena issued by Polaris Industries, Inc. to Mission Health, pursuant to Fed.R.Civ.P. 45, on the grounds that the subpoena seeks privileged information regarding Kipp, a non-party to the underlying litigation. In further support of his motion, Kipp states as follows:

    1.    This dispute relates to a civil action commenced by Plaintiffs William and Vicki Ziegler ("Plaintiffs") arising out of a November 28, 2019, utility terrain vehicle ("UTV") rollover accident which occurred in Sylva, North Carolina. Plaintiffs allege state-law claims products liability and negligence against Polaris Industries, Inc. ("Polaris"), the manufacturer of the subject UTV. The underlying litigation, based on diversity jurisdiction, is currently pending before Judge Jane Beckering in the United States District Court of the Western District of Michigan, case number 1:21-cv-00956 ("the Underlying Civil Action").

    2.    Kipp, a resident of the State of Michigan, was previously a party to the Underlying Civil Action but has fully and finally resolved all claims filed against him and the case against him has been dismissed with prejudice. Kipp is thus no longer a party to the Underlying Civil Action.

1

3. Kipp did not place his medical condition in controversy as part of the Underlying Civil Action. Moreover, he did not waive his privilege as it relates to any information protected by the physician-patient privilege. Nevertheless, Polaris insists on attempting to invade Kipp's privilege and has now served a subpoena on Mission Health in yet another attempt to collect Kipp's medical records related to the November 2019 accident.

4. On August 31, 2022, Polaris served a Subpoena *duces tecum* on Mission Health which demanded that Mission Health produce Kipp's medical records by September 16, 2022. (Exhibit A). Kipp sought and received medical attention following the subject accident at Mission Hospital in Asheville, North Carolina.

5. Upon timely motion, the Court must quash or modify a subpoena that, among other things, requires the disclosure of privileged or other protected information, if no exception or waiver applies. FED. R. CIV. P. 45(d)(3)(a). Here, as detailed in the accompanying brief and exhibits attached in support thereof, Polaris's subpoena demands the disclosure of privileged information protected by the physician-patient privilege.

6. This written objection and motion is being filed in this Court, pursuant to Fed.R.Civ.P 45(d), since the place for compliance for the subpoena at issue in this judicial district.

7. There should be no doubt that the information Polaris seeks is privileged. Under Michigan law:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon. [MCL 600.2157].

"The physician-patient privilege is an absolute bar that prohibits the unauthorized disclosure of patient medical records, including when the patients are not parties to the action."

2

*Baker v Oakwood Hospital Corporation*, 239 Mich. App. 461, 463; 608 N.W.2d 823 (2000). "Protecting interests of . . . non-party patients is of utmost importance." *Isidore Steiner, DPM, PC v Bonanni*, 292 Mich. App. 265, 274; 807 N.W.2d 902 (2011). Kipp has not and will not authorize the disclosure of his medical records. Because these records are privileged, Polaris is not entitled to collect the records and Mission Health shall not disclose them.

8. Moreover, if this issue is to be analyzed under North Carolina law, the analysis is no different. N.C.G.S. § 8-53 sets forth the statutory physician-patient privilege in North Carolina and states, in relevant part, that:

> No person, duly authorized to practice under Article 1 of Chapter 90 of the General Statutes, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act as a surgeon, an no such information shall be considered public records under G.S. 131-1. Confidential information contained in medical records shall be furnished only on the authorization of the patient.

9. Pursuant to the Western District of North Carolina's LCvR 7.1(b), and as detailed in the certificate filed concurrently with this motion, Mr. Kipp's counsel conferred with Polaris's counsel on September 13, 2022, seeking Polaris's concurrence with the relief requested by this motion. Polaris's counsel refused to concur in the relief requested, necessitating this filing.

10. In further support hereof, Kipp relies on the accompanying Memorandum which is being filed contemporaneous with this Motion.

WHEREFORE, Eric Kipp respectfully requests that this Honorable Court grant his motion, quash or modify the subpoena served on Mission Health by Polaris, and grant Mr. Kipp such other relief as is just and appropriate.

This the 13th day of September, 2022.

Respectfully submitted,

*Attorneys for Non-Party Eric Kipp*

*/s/ David S. Wisz*
David S. Wisz, NC State Bar #22789
BAILEY & DIXON, LLP
Post Office Box 1351
Raleigh, North Carolina 27602
(919) 828-0731
dwisz@bdixon.com


Bogomir Rajsic, III (P79191)
HARVEY KRUSE, P.C.
3210 Eagle Run Dr. NE, Ste 204
Grand Rapids, Michigan 49525
(616) 771-0050
brajsic@harveykruse.com
*Pro Hac Vice admission to be applied for*

**CERTIFICATE OF SERVICE**

       This is to certify that the undersigned has this date served the foregoing Motion to Quash in the above-entitled action upon all interested parties by filing through CM/ECF and/or depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department properly addressed as follows:


Dawn M. Beery
Matthew Nirider
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

Deana S. Stein
200 Public Square, Suite 2300
Cleveland, OH 44114

Anthony C. Sallah
Barnes & Thornburg, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694

Thomas M. Paris
Thomas M. Paris, Attorney at Law
55 W Monroe Street, Suite 3330
Chicago, IL 60603

Mission Memorial Hospital
509 Biltmore Avenue
Asheville, NC 28801


This the 13th day of September, 2022.

                              BAILEY & DIXON, LLP

                              By:    /s/ David S. Wisz
                                      David S. Wisz, N.C. State Bar No. 22789
                                      Email: dwisz@bidxon.com

5

Case 1:22-mc-00023-MR-WCM   Document 1   Filed 09/13/22   Page 5 of 5