# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| William Ziegler and Vicki Ziegler, <br> *Plaintiff* <br> v. <br> Polaris Industries Inc. and Eric Kipp, <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 1:21-cv-00956-JMB-SJB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Mission Memorial Hospital, 509 Biltmore Ave., Asheville, NC 28801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachments A & B, attached hereto

| Place: Aegis Investigations <br> 247 Charlotte St. #206, Asheville, NC 28801 | Date and Time: <br> 09/15/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/24/2022

   *CLERK OF COURT*
                                    OR
_____      /s/ Matthew Nirider
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Polaris Industries Inc._____ , who issues or requests this subpoena, are:
Matthew Nirider of Benesch, Friedlander, Coplan & Aronoff LLP, 71 S. Wacker Dr. Ste. 1600, Chicago, IL 606060
312-212-4949 MNirider@beneschlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00956-JMB-SJB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC. and ERIC KIPP<br><br>Defendant. | CASE NO. 1:21-CV-00956 |

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A. Documents may be produced via regular mail or email on Counsel for Polaris Industries Inc., Benesch, Friedlander, Coplan & Aronoff LLP, Matthew Nirider, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606, mnirider@beneschlaw.com. No personal appearance is necessary to respond to this Subpoena.

B. "DOCUMENTS" as used herein shall mean handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

C. "YOU" and "YOUR" shall mean Mission Health System and Mission Memorial Hospital, the person or entity responding to this Deposition Subpoena, and any of its agents, employees, contractors, officers, shareholders, directors, owners, attorneys, representatives and all others acting for it and/or on its behalf.

D. "INCIDENT" shall mean the incident that occurred on November 28, 2019 near Dark Ridge Road (State Highway 1705) in Sylva, North Carolina in which Eric Kipp was injured while driving a utility terrain vehicle.

### DOCUMENTS TO BE PRODUCED

1. Any and all DOCUMENTS relating to the medical records of Eric Kipp that relate to the INCIDENT, including but not limited to admission records, emergency room records, doctors' notes, reports and orders, nurses' notes, lab and pathology reports, toxicology records and reports, ambulance, fire/rescue records, and all documents that show the nature and extents of Eric Kipp's injuries sustained during the INCIDENT.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC. and ERIC KIPP<br><br>Defendant. | CASE NO. 1:21-CV-00956 |

## ATTACHMENT B

## AFFIDAVIT OF CRAIG SANDERS

I, Craig L. Sanders, state as follows:

1. I am an attorney with the law firm of Benesch, Friedlander, Coplan & Aronoff LLP.

2. I represent the Defendant Polaris Industries Inc. in the above-captioned action.

3. In conjunction with the subpoena to which this affidavit is attached, I certify in accordance with Code of Federal Regulations Title 45, Subtitle A, Subchapter C, Part 164, Subpart E entitled "Privacy of Individually Identifiable Health Information" as follows:

4. According to 45 CFR § 164.512, "A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section."

5. Subsection 164.512(e) permits "[d]isclosures for judicial and administrative proceedings" and states, as relevant to this subpoena and request for medical information:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (ii) In response to a subpoena, discovery request, or other lawful process, that is not

accompanied by an order of a court or administrative tribunal, if ... (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section. **45 CFR 164.512(e)(1)(ii)(B)**.

(iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that: (A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute. **45 CFR 164.512(e)(1)(iv)(A)**.

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that: (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. **45 CFR 164.512(e)(1)(v)**.

6. There is a stipulated protective order in the above-captioned that case complies with both the requirements of § 164.512(e)(1)(v) above, in that it allows to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER "information protected from disclosure by statute or that should be otherwise protected from disclosure, such as confidential personal information, *medical or psychiatric information*, personnel records, business records, or such other sensitive commercial information (including but not limited to financial information, trade secrets, design documents, and contracts) that is not publicly available." *See* Stipulated Protective Order, ¶ 3 (attached hereto as **Exhibit A**).

7. In accordance with the first requirement at § 164.512(e)(1)(v)(A), Paragraph 5(a) of the Stipulated Protective Order restricts use for any purpose other than the litigation. In accordance with the second requirement at § 164.512(e)(1)(v)(B), Paragraph 10(c) of the Stipulated Protective Order requires return or destruction of the documents.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2022

_____
Craig L. Sanders