UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:22-mc-23

WILLIAM ZIEGLER and
VICKI ZIEGLER,

        Plaintiffs,

v

POLARIS INDUSTRIES, INC., A
Minnesota Corporation,

        Defendant.

**MEMORANDUM IN SUPPORT OF NON-PARTY ERIC KIPP'S MOTION TO QUASH DEFENDANT POLARIS INDUSTRIES, INC.'S SUBPOENA TO MISSION HEALTH**
**[Local Civil Rule 7.1, WDNC]**

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

This is a civil action commenced by Plaintiffs, William and Vicki Ziegler, arising out of a November 28, 2019, utility terrain vehicle ("UTV") rollover accident in Sylva, North Carolina. Plaintiffs allege state-law claims products liability and negligence against Polaris Industries, Inc. ("Polaris"), the manufacturer of the subject UTV. The litigation, based on diversity jurisdiction, is currently pending before Judge Jane Beckering in the United States District Court of the Western District of Michigan, case number 1:21-cv-00956 ("the Underlying Civil Action").

Eric Kipp ("Kipp" or "Mr. Kipp"), a resident of the State of Michigan, was previously a party to the action but has fully and finally resolved all claims filed against him and the case against him has been dismissed with prejudice. Mr. Kipp is no longer a party to the litigation.

Mr. Kipp did not place his medical condition in controversy in the Underlying Civil Action. Moreover, he did not waive his privilege as it relates to any information protected by physician-patient privilege. Nevertheless, Polaris insists on attempting to invade Mr. Kipp's privilege and

has now served a subpoena on Mission Health in yet another attempt to collect Mr. Kipp's medical records related to the November, 2019 accident.

On August 31, 2022, Polaris served a Subpoena *duces tecum* on Mission Health which demanded that Mission Health produce Mr. Kipp's medical records by September 16, 2022. (See Exhibit A to Motion). Mr. Kipp sought and received medical attention following the subject accident at Mission Hospital in Asheville, North Carolina.

Upon timely motion, the Court must quash or modify a subpoena that, among other things, requires the disclosure of privileged or other protected information, if no exception or waiver applies. FED. R. CIV. P. 45(d)(3)(a). At no point during the pendency of the underlying litigation did Mr. Kipp place his medical condition or medical records in controversy. Michigan law provides a substantive privilege that protects against the disclosure of medical records unless the patient waives the privilege. *See* MCL 600.2157; *Meier v Awaad*, 299 Mich App 655; 832 NW2d 251 (Mich. Ct. App 2013). Moreover, if this issue is analyzed under North Carolina law, the analysis is no different. N.C.G.S. § 8-53 sets forth the statutory physician-patient privilege in North Carolina, which provides essentially the same protections to Mr. Kipp as those of his home state.

Accordingly, the Court should quash Polaris's subpoena.

**II.    LAW AND ARGUMENT**

Federal Rule of Civil Procedure 45 governs Motions to Quash or modify subpoenas. The protections afforded under Federal Rule Civil Procedure 45 are absolute and non-discretionary. Specifically, the Court must modify or quash a subpoena issued under Rule 45 when that subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A). Pursuant to Fed. R. Civ. P. 45(d)(3)(A), motions to quash or modify

a subpoena should be raised in "the court for the district where compliance is required." Accordingly, Mr. Kipp has filed this motion in the present Court instead of the United States District Court for the Western District of Michigan.[1]

State law applies to the resolution of this motion in this diversity action. Rule 501 of the Federal Rules of Evidence provides that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501; *In re Powerhouse Licensing*, LLC, 441 F.3d 467, 472 (6th Cir. 2006) (applying state law in a diversity action to resolve claims of attorney-client privilege); *Jewell v. Holzer Hosp. Foundation, Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990) ("In a civil case involving claims based on state law, the existence of a privilege is to be determined in accordance with state, not federal, law."). Accordingly, because this is a diversity case, state law of privilege applies.

Polaris' subpoena seeks privileged information regarding Mr. Kipp in the form of his privileged medical records. Michigan's statutory physician patient privilege, MCL 600.2157, provides:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon. If the patient brings an action against any defendant to recover for any personal injuries, or for any malpractice, and the patient produces a physician as a witness in the patient's own behalf who has treated the patient for the injury or for any disease or condition for which the malpractice is alleged, the patient shall be considered to have waived the privilege provided in this section as to another physician who has treated the patient for the injuries, disease, or condition. If a patient has died, the heirs at law of the patient, whether proponents or contestants of the patient's will, shall be considered to be personal representatives

---

[1] Mr. Kipp is working with Mission Health, the entity subject to the subpoena, to gain its consent to transfer this Motion to the Western District of Michigan for further handling before the issuing trial court that will continue to oversee the underlying litigation. Pursuant to Fed. R.Civ. P. 45(f), "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents . . . ."

of the deceased patient for the purpose of waiving the privilege under this section in a contest upon the question of admitting the patient's will to probate. If a patient has died, the beneficiary of a life insurance policy insuring the life of the patient, or the patient's heirs at law, may waive the privilege under this section for the purpose of providing the necessary documentation to a life insurer in examining a claim for benefits.

The Michigan Supreme Court has concluded that "it is well established that the purpose of the statute is to protect the confidential nature of the physician-patient relationship and to encourage a patient to make a full disclosure of symptoms and conditions." *Dorris v Detroit Osteopathic Hosp Corp,* 460 Mich. 26, 33; 594 N.W.2d 455 (1999). Because the privilege of confidentiality belongs solely to the patient, it can only be waived by the patient. *Id.* at 34 (citing *Gaertner v Michigan* 385 Mich. 49, 53; 187 N.W.2d 429 (1971). "The physician-patient privilege is an absolute bar that prohibits the unauthorized disclosure of patient medical records, including when the patients are not parties to the action." *Baker v Oakwood Hospital Corporation*, 239 Mich. App. 461, 463; 608 N.W.2d 823 (2000). "Protecting interests of … non-party patients is of utmost importance." *Isidore Steiner, DPM, PC v Bonanni*, 292 Mich. App. 265, 274; 807 N.W.2d 902 (2011).

It is without a doubt that under the statutorily prescribed physician-patient privilege, Mr. Kipp's medical records constitute privileged information that is protected from disclosure by FED. R. CIV. P. 45. Mr. Kipp has not waived his privilege and is otherwise not subject to the disclosure of his carefully guarded medical information. Further, Mr. Kipp timely objected to requests for his medical records, including in response to a subpoena served by Polaris on Mr. Kipp directly and during depositions of individuals that could have been considered medical providers.

Moreover, if this issue is to be analyzed under North Carolina law, the analysis is no different. N.C.G.S. § 8-53 sets forth the statutory physician-patient privilege in North Carolina and states, in relevant part, that:

> No person, duly authorized to practice under Article 1 of Chapter 90 of the General Statutes, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act as a surgeon, an no such information shall be considered public records under G.S. 131-1. Confidential information contained in medical records shall be furnished only on the authorization of the patient.

North Carolina courts recognize that the purpose of this statute is to create a privileged relationship between physician and patient, and to encourage a patient to fully disclose pertinent information to a physician so that proper treatment may be prescribed, to protect the patient against public disclosure of socially stigmatized diseases, and to shield the patient from self-incrimination. *See Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E.2d 67 (1964); *Jones v. Asheville Radiological Group*, 129 N.C.App. 449, 500 S.E.2d 740 (1998). It is the accepted construction of G.S. § 8-53 that it extends "not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination, while attending the patient in a professional capacity, which was necessary to enable him to prescribe." *Capps v. Lynch*, 253 N.C. 18, 21-22, 116 S.E.2d 137, 140 (1960).

As before, Mr. Kipp has not waived his physician-patient privilege nor has he authorized the production of the same. While North Carolina courts do recognize implied waiver in very limited circumstances, no such implied waiver occurred in this case. Courts in North Carolina have limited application of the same to situations where: (1) the patient fails to object to testimony on the privileged matter; (2) the patient themselves calls the physician as a witness and examines him as to the patient's physical condition; (3) the patient testifies as to communication between themselves and the physician; or (4) the patient brings an action, counterclaim, or defense which directly places their medical condition at issue. *See Mimms v. Wright*, 157 N.C.App. 339, 342, 578 S.E.2d 606, 609 (2003); *see also Neese v. Neese*, 1 N.C.App. 426, 161 S.E.2d 841 (1968)

(waiver when patient calls physician as witnesses or testifies as to communications between himself and the physician); *Capps v. Lynch*, 253 N.C. 18, 24, 116 S.E.2d 137, 140 (1960) (waiver by patient voluntarily testifying in detail as to the nature of his injuries); *Roadway Express, Inc. v. Hayes*, 178 N.C.App. 165, 171, 631 S.E.2d 41, 46 (2006) (waiver by defendant who asserted sudden emergency as a defense to negligence claim).

None of these situations exists in the present case. As such, the subpoena should be quashed because the information sought is protected by a statutory privilege.

## CONCLUSION AND RELIEF REQUESTED

Polaris's subpoena seeks privileged information. Fed.R.Civ.P. 45 provides mandatory protection under such circumstances. For the reasons set forth above, Mr. Kipp respectfully requests that the Court quash Polaris's subpoena.

This the 13th day of September, 2022.

Respectfully submitted,

*Attorneys for Non-Party Eric Kipp*

/s/ David S. Wisz
David S. Wisz, NC State Bar #22789
BAILEY & DIXON, LLP
Post Office Box 1351
Raleigh, North Carolina 27602
(919) 828-0731
dwisz@bdixon.com


Bogomir Rajsic, III (P79191)
HARVEY KRUSE, P.C.
3210 Eagle Run Dr. NE, Ste 204
Grand Rapids, Michigan 49525
(616) 771-0050
brajsic@harveykruse.com
*Pro Hac Vice admission to be applied for*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Memorandum in the above entitled action upon all interested parties by filing through CM/ECF and/or depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department properly addressed as follows:

Dawn M. Beery
Matthew Nirider
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

Deana S. Stein
200 Public Square, Suite 2300
Cleveland, OH 44114

Anthony C. Sallah
Barnes & Thornburg, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694

Thomas M. Paris
Thomas M. Paris, Attorney at Law
55 W Monroe Street, Suite 3330
Chicago, IL 60603

Mission Memorial Hospital
509 Biltmore Avenue
Asheville, NC 28801

This the 13th day of September, 2022.

BAILEY & DIXON, LLP

By: /s/ David S. Wisz
David S. Wisz, N.C. State Bar No. 22789
Email: dwisz@bidxon.com

7
Case 1:22-mc-00023-MR-WCM   Document 2   Filed 09/13/22   Page 7 of 7