UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ZIEGLER, et al.,

    Plaintiffs,

v.

POLARIS INDUSTRIES, INC.,

    Defendant.

                                 /

Case No. 1:21-cv-956

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Polaris Industries, Inc.'s "Limited Motion for Reconsideration of this Court's Order Dismissing Defendant Eric Kipp ("Kipp") and to Compel Kipp to Respond to Previously Served Discovery" (ECF No. 31), seeking reconsideration of this Court's May 27, 2022 Order of Partial Dismissal (ECF No. 30). The Court's Order granted Plaintiffs William and Vicki Ziegler's and Kipp's Joint Motion to Dismiss (ECF No. 28) and dismissed all claims against Kipp, pursuant to a settlement agreement between Plaintiffs and Kipp. On June 13 and 17, 2022, at this Court's request (ECF No. 34), *see* W.D. Mich. LCivR 7.4(b), Plaintiffs and Kipp filed responses to Defendant's motion (ECF Nos. 35 & 36). On July 11, 2022, Defendant filed a Motion for Oral Argument or for Leave to File a Reply (ECF No. 39), to which Kipp filed a response (ECF No. 43). For the following reasons, Defendant's motion for reconsideration is properly denied, and Defendant's motion for oral argument or leave to file a reply is also denied.

This Court's local rules require a movant seeking reconsideration to "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different


PLAINTIFF'S EXHIBIT

disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). The local rule further instructs that "motions for reconsideration that merely present the same issues ruled upon by the court shall not be granted." *Id.*

Defendant moves for reconsideration and argues that this Court "decided the motion to dismiss before [Defendant] Polaris could file a limited objection, and so the Court did not have before it all relevant facts" (ECF No. 31 at PageID.138). Defendant states that it "has no desire to delay or otherwise hinder Plaintiffs' settlement with Kipp. Rather, Polaris asks only that the Court reconsider its dismissal order for the limited purpose of requiring Kipp to respond to Polaris's outstanding discovery, which was originally due on May 13, 2022" (*id.*).

Defendant's motion fails to demonstrate a palpable defect by which the Court and the parties have been misled and will not be granted. Moreover, as set forth more fully in the responses filed by Plaintiffs and Kipp, Defendant's motion expressly states that it does not seek a different disposition of the case, nor that it intends to interfere with the valid settlement agreement between Plaintiffs and Kipp (*see* ECF No. 35 at PageID.184; ECF No. 36 at PageID.188–189, 190). Therefore, Defendant's motion is properly denied.

To the extent Defendant seeks reinstatement of Kipp as a party to this action or an order from this Court compelling Kipp to respond to previously served discovery, these arguments also lack merit.[1] Because this Court does not need to reach the substantive privilege issues raised by

---

[1] As Defendant admits, the appropriate course of action is to seek third-party discovery from Kipp (*see* ECF No. 31 at PageID.137)—not a motion for reconsideration of this Court's Order for the purpose of compelling Kipp to respond to discovery which Kipp is no longer obligated to produce, pursuant to his settlement agreement with Plaintiffs and his proper dismissal from this case. Further, Defendant concedes that at least one of the two Plaintiffs also have relevant knowledge of the incident at issue in this case and otherwise fails to show that third-party discovery or a deposition of Kipp is insufficient (*see id.* at PageID.138–139; ECF No. 35 at PageID.183–184; ECF No. 36 at PageID.188–189).

Plaintiffs' and Kipp's responses and Defendant's request for oral argument or for leave to file a reply (ECF No. 39), Defendant's motion for oral argument or for leave to file a reply is denied. Accordingly:

**IT IS HEREBY ORDERED** that Defendant Polaris's Motion for Reconsideration (ECF No. 31) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Polaris's Motion for Oral Argument or for Leave to File a Reply (ECF No. 39) is DENIED.

Dated: August 16, 2022 　　　　　　　　　　　　　　/s/ Jane M. Beckering  
　　　　　　　　　　　　　　　　　　　　　　　　JANE M. BECKERING  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge