IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC., a Minnesota Corporation,<br><br>Defendants. | Case No. 1:22-mc-00023-MR-WCM |

**POLARIS INDUSTRIES INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER SUBPOENA-RELATED MOTION TO ISSUING COURT**

Polaris Industries Inc. ("Polaris") is before this Court seeking limited medical records from Mission Hospital in Asheville, North Carolina reflecting Eric Kipp's blood alcohol content and injuries sustained in a single-vehicle UTV crash that took place in North Carolina at 1:00 AM on Thanksgiving morning, 2019. Mr. Kipp was the driver of the vehicle and was a defendant in the underlying case, though he since settled with Plaintiffs. Mr. Kipp is also Plaintiff Vicky Ziegler's brother. Mr. Kipp moved to quash Polaris's subpoena to Mission Hospital, asserting that his blood alcohol content is protected by the patient-physician privilege. That motion is fully briefed.

Plaintiffs William and Vicki Ziegler ("Plaintiffs") seek to transfer Mr. Kipp's fully briefed motion to quash to the Western District of Michigan, where the underlying litigation is pending. Polaris understands that Mission Hospital opposes this request, and Polaris places great weight on the hospital's position on this issue. Therefore, Plaintiffs' motion should be denied because Plaintiffs do not have the subpoena recipient's consent to the transfer and because Plaintiffs have not identified exceptional circumstances justifying transfer above the hospital's objection.

## ARGUMENT

Rule 45 provides two bases to transfer a motion to quash: (1) consent of party subject to the subpoena, or (2) exceptional circumstances. FED. R. CIV. P. 45(f). The party seeking transfer "bears the burden of showing that such circumstances are present." *Id.* advisory committee's note (2013). Polaris understands that Mission Hospital does not consent to transfer and will be filing its own opposition to Plaintiffs' motion. Thus, the only basis to transfer under Rule 45(f) would be a showing of "exceptional circumstances." There are no "exceptional circumstances" here that justify the additional burden and expense on Mission Hospital that would likely result if the Motion to Quash was transferred to the Western District of Michigan.

The advisory committee notes to Rule 45(f) provide the following guidance on what constitutes "exceptional circumstances": "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion, or the same issues are likely to arise in discovery in many districts." *Id.* None are present here, nor do Plaintiffs even raise any. *See Philips N. Am. LLC v. Little*, No. 3:22-mc-0096, at *1 (W.D.N.C. July 5, 2022) ("In evaluating whether 'exceptional circumstances' are present, the court considers . . . the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying action."); *see also, e.g.*, *In re Subpoena Served on Affiliated Foods, Inc.*, No. 2:21-mc-3, 2021 WL 4439796, at *4-5 (N.D. Tex. Sept. 28, 2021) (denying motion to transfer subpoena and noting even multidistrict status is insufficient to warrant transfer absent exceptional circumstances).

Indeed, Plaintiffs' primary argument in favor of transfer is that the ultimate ***admissibility*** of Mr. Kipp's blood alcohol records will be an important issue in the case that must be addressed by the trial court. [DE: #5, at 2-7]. That issue is not before this Court and will indeed be addressed by the trial court. This Court is not being asked to make any determination of admissibility – that

2

Case 1:22-mc-00023-MR-WCM   Document 7   Filed 10/18/22   Page 2 of 4

is an issue for another day and another court. The issue before this Court is much narrower – whether the records are discoverable or not. *See Underdue v. Wells Fargo Bank, N.A.*, No. 3:16-cv-00653, 2020 WL 7390351, at *2 (W.D.N.C. Dec. 16, 2020) (discovery "is broad and allows parties to obtain information on any matter that is 'relevant to the claim or defense of the party seeking discovery'").

Plaintiffs also argue that "choice of law may become critical" in the underlying case. [DE: #5, p. 6]. This Court will not be deciding which state's law applies in the underlying litigation. As Polaris argued in its Motion to Quash, this Court does not need to make a choice of law determination when resolving Mr. Kipp's privilege assertion because there is no conflict between North Carolina and Michigan – under either state's privilege law, the records are discoverable. [DE: #4, p. 6]. But even if this Court did have to make a choice between North Carolina and Michigan law, the choice would be over which state's law governs a patient-physician privilege dispute where the records are in North Carolina, the underlying medical treatment took place in North Carolina, the patient was a North Carolina resident at the time of treatment, but a Michigan resident at the time of this motion practice. This Court would not be determining which state's law applied to Plaintiffs' claims in the underlying litigation.

Finally, Polaris acknowledges the burden and expense that any third-party discovery dispute imposes on the target of the request (here, Mission Hospital). Polaris wants to do everything possible to minimize that burden. As a result, Polaris puts great weight on the hospital's stated desire that the issue be litigated here.[1]

---

[1] Additionally, the Court may summarily deny this Motion on procedural grounds. Prior to filing their Motion to Transfer Subpoena-Related Motion to Issuing Court, Plaintiffs failed to consult with Polaris Industries, Inc. as required by Local Rule 7.1(b). Further, their motion does not describe any meet and confer or describe any timely attempts to meet and confer with Polaris Industries, Inc. pursuant to that local rule. "A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied." *See* LCvR 7.1(b); *see also*

3

## CONCLUSION

For all the reasons stated above, Polaris respectfully requests that this Court deny Plaintiff's Motion to Transfer Subpoena-Related Motion to Issuing Court.

October 18, 2022

Respectfully Submitted,

*/s/James M. Dedman, IV*
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com

*Attorneys for Polaris Industries, Inc.*

---

*El-Bey v. N. Carolina Dep't of Pub. Safety*, No. 5:21-CV-00084-MR, 2022 WL 3440645, at *1 (W.D.N.C. Aug. 16, 2022) ("The lack of certification alone warrants the denial of the Motion."); *Frost v. Amsafe Com. Prod., Inc.*, No. 121CV00156, 2022 WL 23161, at *1 (W.D.N.C. Jan. 3, 2022) (noting that "it is not apparent . . . that counsel for the parties have fully discussed the dispute . . . as required by Local Civil Rule 7.1(b)").

4